IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EVA HODGES, *on behalf of herself and all others similarly situated*,<br><br>      Plaintiff,<br><br>v.<br><br>NEWREZ LLC d/b/a SHELLPOINT MORTGAGE SERVICING, and THE BANK OF NEW YORK MELLON,<br><br>      Defendants. | Case No. 1:25-cv-10147-ADB |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S AMENDED CLASS ACTION COMPLAINT**
*(Leave to file reply of no more than 10 pages granted on May 30, 2025)*

## **TABLE OF CONTENTS**

**Page**

INTRODUCTION .................................................................................................................. 1

ARGUMENT ......................................................................................................................... 2

I. PLAINTIFF'S FDCPA CLAIMS (COUNTS II & VI) ARE IMPROPER ATTEMPTS TO ENFORCE A NONEXISTENT TILA CLAIM BY ANOTHER STATUTE AND SHOULD BE DISMISSED. ................................................................................................ 2

II. PLAINTIFF'S MASSACHUSETTS STATE LAW CLAIMS (COUNTS III & IV) FAIL BECAUSE THERE IS NO TILA VIOLATION. ........................................................ 5

III. PLAINTIFF'S DECLARATORY JUDGMENT CLAIM (COUNT I) FAILS AS A MATTER OF LAW BECAUSE IT IS NOT SUPPORTED BY A VIABLE CAUSE OF ACTION. ............................................................................................................. 8

CONCLUSION ...................................................................................................................... 10

i

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*In re Bldg. Materials Corp. of Am. Asphalt Roofing Shingle Prods. Liab. Litig.*,
 No. 8:11-CV-02926-JMC, 2013 WL 1282219 (D.S.C. Mar. 27, 2013) ....................................9

*Charleston v. Wells Fargo Bank, N.A.*,
 No. 3:17-CV-00595-PK, 2018 WL 648364 (D. Or. Jan. 31, 2018) ...........................................9

*Cranmore v. Wells Fargo Bank, N.A.*,
 410 F. Supp. 3d 336 (D. Mass. 2019) ......................................................................................8

*Daniels v. Select Portfolio Servicing, Inc.*,
 34 F.4th 1260 (11th Cir. 2022) ..........................................................................................4, 5

*Finamore v. Piader*,
 618 F. Supp. 3d 23 (D. Mass. 2022) .........................................................................................8

*Horvath v. Adelson, Golden & Loria, P.C.*,
 No. 00-P-1403, 2002 WL 1931997 (Mass. App. Ct. Aug. 21, 2002) .......................................7

*Horvath v. Adelson, Golden & Loria, P.C.*,
 No. 97-00266-F, 2000 WL 33159239 (Mass. Super. Ct. June 16, 2000) .................................6

*Kozaryn v. Ocwen Loan Servicing, LLC*,
 784 F. Supp. 2d 100 (D. Mass. 2011) .......................................................................................8

*Lamirand v. Fay Servicing, LLC*,
 38 F.4th 976 (11th Cir. 2022) ...................................................................................................5

*Lee v. Northland Grp.*,
 No. 02 C 6083, 2003 WL 25765398 (N.D. Ill. Apr. 24, 2003) .................................................4

*Lipford v. Specialized Loan Servicing, LLC*,
 No. 1:23-cv-1198, 2024 WL 3760752 (E.D. Va. Aug. 12, 2024) .............................................5

*Martins v. Vermont Mut. Ins. Co.*,
 662 F. Supp. 3d 55 (D. Mass. 2023) .........................................................................................8

*McKee v. Gen. Motors Co.*,
 601 F. Supp. 3d 901 (W.D. Wash. 2022) ..................................................................................9

*N. End Chamber of Com. v. City of Bos.*,
 761 F. Supp. 3d 269 (D. Mass. 2024) .......................................................................................9

*Neff v. Cap. Acquisitions & Mgmt. Co.*,
   238 F. Supp. 2d 986 (N.D. Ill. 2002) .................................................................................2, 4

*Okoye v. Bank of N.Y. Mellon*,
   No. CIV.A. 10-11563-DPW, 2011 WL 3269686 (D. Mass. July 28, 2011) ............................7

*Ramos v. Chase Home Fin.*,
   810 F. Supp. 2d 1125 (D. Haw. 2011) .....................................................................................9

*Richards v. NewRez LLC*,
   No. CV ELH-20- 1282, 2021 WL 1060286 (D. Md. Mar. 18, 2021) ..................................3, 4

*Robb v. Cap. Acquisitions & Mgmt. Co.*,
   No. 02 C 4829, 2002 WL 31654941 (N.D. Ill. Nov. 21, 2002) ...............................................4

*Rosenfeld v. JPMorgan Chase Bank, N.A.*,
   732 F. Supp. 2d 952 (N.D. Cal. 2010) .....................................................................................9

*Shaner v. Chase Bank, USA, N.A.*,
   570 F. Supp. 2d 195 (D. Mass. 2008) ...................................................................................5, 6

*Sieving v. Cont'l Cas. Co.*,
   535 F. Supp. 3d 762 (D. Ill. 2021) ............................................................................................9

*Turaani v. Sessions*,
   316 F. Supp. 3d 998 (E.D. Mich. 2018) ...................................................................................9

*Walls v. Wells Fargo Bank, N.A.*,
   276 F.3d 502 (9th Cir. 2002) ....................................................................................................3

**Statutes**

Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ............................................ *passim*

Mass. Gen. Laws ch. 93A ..................................................................................................... *passim*

Truth in Lending Act, 15 U.S.C. §§ 1601 et seq. .................................................................. *passim*

**Regulations**

12 C.F.R. § 1026.41 .......................................................................................................................4

209 Mass. Code Regs. 18.00 ..........................................................................................................1

**Rules**

Federal Rule of Civil Procedure 12(b)(6) ......................................................................................1

Defendants NewRez LLC d/b/a Shellpoint Mortgage Servicing ("Shellpoint") and The Bank of New York Mellon ("BNYM") (collectively, "Defendants"), by counsel and pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby submit this Reply in Support of their Motion to Dismiss Plaintiff's Amended Class Action Complaint, as follows:

## INTRODUCTION

In disposing of her Truth in Lending Act ("TILA") claim after Defendants first moved to dismiss, Plaintiff tacitly admitted that she has no viable claim under that statute. Indeed, neither Defendant fits within TILA's definition of "creditor" or qualifies as an assignee of a creditor, and therefore, cannot be held liable. Plaintiff nevertheless overtly attempts to use other causes of action to enforce a nonexistent TILA claim. Specifically, Plaintiff explains that her case is about Defendants "systematically and routinely failing to provide periodic billing statements to consumers and then, suddenly, attempting to collect years' worth of purported accrued interest and fees, under threat of foreclosure." ECF 31 at 2. But the requirement to provide periodic billing statements to consumers (such that fees and interest can be collected) is found *only* in TILA. It is not, and has never been, a requirement under any of Plaintiff's remaining causes of action, *i.e.*, the Fair Debt Collection Practices Act ("FDCPA"), the Massachusetts Consumer Protection Act, Mass. Gen. Laws ch. 93A ("Chapter 93A"), or the Massachusetts Debt Collection Regulations, 209 CMR 18.00 ("MDCR"). Accordingly, without a viable TILA claim, these derivative claims cannot survive.

Further, Plaintiff cannot succeed on Count I for declaratory judgment because a declaration is a remedy, not a standalone cause of action. And while Plaintiff prays for a declaration predicated on a violation of "law," the law that Plaintiff obliquely refers to is TILA, under which Plaintiff has essentially conceded Defendants have no liability.

For the reasons set forth in Defendants' Motion to Dismiss Plaintiff's Amended Class Action Complaint and the arguments below, the Court should dismiss this case with prejudice.

## ARGUMENT

**I.  PLAINTIFF'S FDCPA CLAIMS (COUNTS II & VI) ARE IMPROPER ATTEMPTS TO ENFORCE A NONEXISTENT TILA CLAIM BY ANOTHER STATUTE AND SHOULD BE DISMISSED.**

Courts unanimously dismiss FDCPA claims that are wholly predicated on nonexistent TILA claims.  *See* ECF 27 at 5-7.  Plaintiff knows that she cannot overcome this wealth of authority and cites no authority to the contrary.  Accordingly, Plaintiff tries to separate her FDCPA claims from TILA and argues that her FDCPA claims are independently actionable.  They are not.  Plaintiff's FDCPA claims wholly depend on TILA, but without a viable TILA claim, the FDCPA claims fail as a matter of law.

***First***, contrary to Plaintiff's strawman argument, *see* ECF 31 at 5-6, Defendants did not, and do not, contend that a TILA violation is a prerequisite to asserting ***any*** actionable FDCPA claim under all circumstances.  Rather, Defendants contend (and the courts have unanimously held) that a TILA violation is necessarily a prerequisite to asserting an actionable FDCPA claim when the FDCPA claim is based only on conduct that allegedly violates the provisions of TILA, as is the case here.  TILA and FDCPA are, in general, separate statutes with separate obligations that ***could*** be independently actionable, but when the basis for both claims is an obligation found solely in TILA (*i.e.*, the obligation to send periodic billing statements), then the FDCPA claim is not independently actionable.  *See, e.g., Neff v. Cap. Acquisitions & Mgmt. Co.*, 238 F. Supp. 2d 986, 992-93 (N.D. Ill. 2002), *aff'd*, 352 F.3d 1118 (7th Cir. 2003) ("Because there is no affirmative obligation under the FDCPA to send monthly statements, and Neff does not allege deceptive or unfair practices independent of defendants' alleged TILA obligations, [FDCPA] counts III and IV fail to state a claim upon which relief can be granted and therefore are dismissed.").  As the Ninth

Circuit aptly explained, "[t]o permit a . . . claim under the FDCPA would allow through the back door what [the plaintiff] cannot accomplish through the front door—a private right of action." *Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502, 510 (9th Cir. 2002); *see Richards v. NewRez LLC*, No. CV ELH-20- 1282, 2021 WL 1060286, at *28 (D. Md. Mar. 18, 2021) ("[T]he FDCPA 'is not properly used as an enforcement mechanism for the TILA,' especially where the plaintiffs could not succeed on a TILA claim, independently.").

     ***Second***, Plaintiff unsuccessfully attempts to separate her FDCPA claims from TILA. Plaintiff argues that she does not seek relief under TILA (because she cannot) and that her ability to state an FDCPA claim is independent of any other statute. ECF 31 at 6. But the allegations in the Amended Complaint belie this argument. *See, e.g.,* ECF 24 ¶ 10 ("SLS never sent Ms. Hodges monthly mortgage statements, ***even though she was entitled to receive them under the Truth in Lending Act ('TILA')*** and the Massachusetts Consumer Credit Cost Disclosure Act.") (emphasis added); *id.* ¶ 15 ("To avoid the exact circumstance Ms. Hodges now faces, ***TILA, Regulation Z***, and the Massachusetts Consumer Credit Cost Disclosure Act require monthly statements be sent to borrowers.") (emphasis added); *id.* ¶ 36 ("Despite that ***TILA, Regulation Z***, and Massachusetts law require monthly mortgage statements to be sent to consumers, SLS had a standard policy of not sending monthly statements to consumers who filed for bankruptcy.") (emphasis added). Plaintiff cannot state an FDCPA claim without pointing to alleged violations of TILA and its implementing regulation, Regulation Z. And while the Amended Complaint invokes the Massachusetts Consumer Credit Cost Disclosure Act ("MCCCDA"), Plaintiff voluntarily disposed of that claim in amending her complaint—another tacit admission that there is no liability under state law based on Defendants' purported failure to send monthly billing statements.

***Third***, Plaintiff's attempts to distinguish Defendants' cases are equally unsuccessful. Plaintiff argues that those cases involved FDCPA claims predicated on TILA, unlike here where TILA "is decidedly not the basis of Plaintiff's FDCPA claim." ECF 31 at 8 (citing *Lee v. Northland Grp.*, No. 02 C 6083, 2003 WL 25765398 at *1 (N.D. Ill. Apr. 24, 2003); *Robb v. Cap. Acquisitions & Mgmt. Co.*, No. 02 C 4829, 2002 WL 31654941, at *5 (N.D. Ill. Nov. 21, 2002); *Neff*, 238 F. Supp. 2d at 992; *Richards*, 2021 WL 1060286, at *28). Plaintiff either misreads or ignores the central holdings of those cases. For instance, the court in *Neff* dismissed, as a matter of law, an FDCPA claim based on allegations that "defendants violated 15 U.S.C. §§ 1692e and 1692f by collecting and attempting to collect interest when no periodic statements had been furnished." *Neff*, 238 F. Supp. 2d at 992. Plaintiff argues that, in contrast, her "FDCPA claim seeks redress for Defendants' attempts to collect interest and fees that Defendants did not have a legal right to collect." ECF 31 at 8. But because Defendants' "legal right to collect" the interest is based on their purported failure to furnish periodic statements, specifically under Sections 1692e and 1692f, the allegations here duplicate those that failed in *Neff* (and *Lee*, and *Robb*). Plaintiff does not explain why the result should be different here. *See also Richards*, 2021 WL 1060286, at *26 (dismissing FDCPA claim alleging "defendant violated 15 U.S.C. § 1692f by collecting fees and charges when it failed to provide timely periodic statements, as required by the TILA, 15 U.S.C. § 1638(f) and 12 C.F.R. § 1026.41").

***Fourth***, Plaintiff cites a litany of cases that have no bearing on the issues here. For example, Plaintiff cites *Daniels v. Select Portfolio Servicing, Inc.*, 34 F.4th 1260 (11th Cir. 2022), which does not involve an alleged failure to provide statements (or an alleged violation of any TILA provision). *Id.* at 1265. The issue in that case was "whether monthly mortgage statements required by the Truth in Lending Act, 15 U.S.C. § 1638, and its regulations can constitute

communications in connection with the collection of a debt under the FDCPA and the FCCPA [the Florida state analogue to the FDCPA]." *Id.* at 1263; *see also Lamirand v. Fay Servicing, LLC*, 38 F.4th 976, 978 (11th Cir. 2022) (same). Plaintiff also cites *Lipford v. Specialized Loan Servicing, LLC*, No. 1:23-cv-1198, 2024 WL 3760752 (E.D. Va. Aug. 12, 2024), which does not discuss TILA at all. The narrow issue presented in that case was whether the monthly statements constituted debt collection activity. *Id.* at *4. These cases have no bearing on the issue of whether the FDCPA may be used as an enforcement mechanism for TILA.

***Finally***, Plaintiff contends that, even if TILA precludes an FDCPA claim predicated on an alleged failure to provide statements, Plaintiff's individual FDCPA claim (Count VI) is not barred because it is based on other debt collection attempts, such as inaccurate pre-foreclosure notices. ECF 31 at 8. But Plaintiff claims that the alleged foreclosure notices are inaccurate because the amount past due contains interest that was assessed while statements were not sent in purported violation of TILA. Thus, Plaintiff's TILA-derivative Count VI is subject to dismissal all the same.

Plaintiff cannot separate the nonactionable TILA claim from her FDCPA claims and does not allege an unfair or deceptive debt collection practice independent of Defendants' alleged TILA obligations. Thus, the Court should dismiss Counts II and VI.

## II. PLAINTIFF'S MASSACHUSETTS STATE LAW CLAIMS (COUNTS III & IV) FAIL BECAUSE THERE IS NO TILA VIOLATION.

Plaintiff's derivative state law claims based on TILA fail and should be dismissed.

***First***, Plaintiff incorrectly argues that a Chapter 93A claim can be based on an alleged unfair practice "even if not formally a violation of TILA." *Id.* at 12. This Court addressed this exact issue in *Shaner v. Chase Bank, USA, N.A.*, 570 F. Supp. 2d 195, 201 (D. Mass. 2008), *aff'd*, 587 F.3d 488 (1st Cir. 2009). Shaner sued Chase Bank, alleging that the bank violated TILA in retroactively assessing interest. *Id.* at 196. Shaner included a Chapter 93A claim that was based

5

on the purported TILA violation. *Id*. The court first disposed of the TILA claim, holding that the bank could not be held liable under the federal statute and therefore, "the complaint's first count, alleging a violation of TILA, fails to state a claim upon which relief can be granted." *Id*. at 201. The court then explained, "Shaner's Chapter 93A claim is based on the putative violation of TILA. Her Chapter 93A claim thus fails as the TILA claim fails." *Id*. (internal citation omitted). The First Circuit affirmed, noting that Shaner did not present much argument on the Chapter 93A dismissal, and took no issue with this Court's holding that the "Chapter 93A claim rested on the TILA regulations and fell with the TILA claim." *Shaner*, 587 F.3d at 490, 494.

**Second**, Plaintiff cites *Horvath v. Adelson, Golden & Loria, P.C.*, No. 97-00266-F, 2000 WL 33159239, at *6 (Mass. Super. Ct. June 16, 2000), *aff'd*, 55 Mass. App. Ct. 1113 (2002), but that case actually undermines her argument. Horvath alleged that the defendant closing attorneys violated TILA and its state counterpart by post-dating a confirmation certificate on the Notice of Right to Cancel and permitting the borrower at the closing to sign the certificate stating that the three days to cancel the transaction had already elapsed and the borrower did not wish to rescind the transaction. *Id.* at *6. Plaintiff contends that, while the closing attorneys "were not technically creditors" that could be held liable under the statutes, the court nevertheless held that the closing attorneys' failure to provide a Notice of Right to Cancel for a loan "as required by the federal and state TILAs fell within the penumbra of the federal and state TILAs' concepts of unfairness" and "violated 'the spirit of these statutes[.]'" ECF 31 at 11 (citing *Horvath*, 2000 WL 33159239, at *6). Notwithstanding the discussion about the "spirit" of the statutes, the court explained that "alleged misconduct was without legal consequence" and granted summary judgment to the closing attorneys since Horvath failed to present evidence of a causal connection between the alleged misconduct and damages. *Id.* at *7.

6

Plaintiff focuses on Horvath's failure to establish causation and contends that "[t]he appellate court affirmed largely on this basis . . . ." ECF 31 at 11 n.3. Plaintiff is wrong. Affirmance was not based just on causation. The Appeals Court first noted that Horvath "concede[d] that the defendants cannot be held directly liable under either the Federal or the Massachusetts TILA because they are not creditors or lenders to whom the laws apply." *Horvath v. Adelson, Golden & Loria, P.C.*, No. 00-P-1403, 2002 WL 1931997, at *4 n.10 (Mass. App. Ct. Aug. 21, 2002) (per curiam). Then, the Appeals Court held that to the extent the plaintiffs' Chapter 93A claim was based on TILA, dismissal was proper. *Id.* at *4 ("Neither may chapter 93A liability be premised upon asserted violations of the Real Estate Settlement Procedures Act (RESPA),[1] ***or upon either the Federal or Massachusetts Truth in Lending Acts (TILA)***."). Moreover, the Appeals Court affirmatively held that "the act of postdating the confirmation certificate on the Notice of Right to Cancel" did not constitute "an unfair and deceptive trade practice," only noting as an afterthought that even assuming this was an unfair or deceptive practice, the plaintiff failed to establish causation. *Id.* at *4. Here, notwithstanding Plaintiff's efforts to characterize her Chapter 93A claim as being based on something more than a TILA violation, Plaintiff's Chapter 93A claim fails because Defendants have no TILA liability. That is, Plaintiff's Chapter 93A claim rises and falls with her now unasserted TILA claim.

***Third***, in an apparent acknowledgement that she lacks support for the proposition that she can maintain a derivative Chapter 93A claim without a viable TILA claim, Plaintiff cites exclusively to cases allowing a Chapter 93A claim in non-TILA contexts. *See, e.g.*, *Okoye v. Bank of N.Y. Mellon*, No. CIV.A. 10-11563-DPW, 2011 WL 3269686, at *7 (D. Mass. July 28, 2011)

---

[1] Horvath's RESPA claim was based on the closing attorneys' failure to have funds on hand at closing. The Appeals Court affirmed the dismissal of the RESPA claim holding that nothing in RESPA imposed any such obligation on defendants. *Id* at *4.

7

(denying motion to dismiss Chapter 93A claim based on alleged violations of HAMP guidelines and collecting HAMP cases) ("Because courts have almost uniformly found that HAMP creates no private right of action, consumer protection statutes—and Massachusetts's broadly interpreted Chapter 93A in particular—have become an attractive alternative means of attempting to recover for alleged HAMP violations where no action is otherwise available.").

These cases are inapposite. Indeed, while Plaintiff contends that "a consumer must only show that an act is unfair or deceptive to make out a Chapter 93A claim" for a violation otherwise not actionable, ECF 31 at 10, these cases uniformly state that "[f]or such a claim to proceed, however, not only must the violation itself be unfair or deceptive but recovery under Chapter 93A must also be compatible with the objectives and enforcement mechanisms of the underlying statute." *Kozaryn v. Ocwen Loan Servicing, LLC*, 784 F. Supp. 2d 100, 102 (D. Mass. 2011) (dismissing Chapter 93A claim). Count III must be dismissed.

***Finally***, because the MDCR does not provide a private right of action, a violation of the MDCR can only be enforced through Chapter 93A. *See Cranmore v. Wells Fargo Bank, N.A.*, 410 F. Supp. 3d 336, 341-42 (D. Mass. 2019). And for the reasons stated above, because Chapter 93A cannot be used to enforce TILA where no viable TILA claim exists, Plaintiff's MDCR claim fails as well and Count IV must also be dismissed.

### III. PLAINTIFF'S DECLARATORY JUDGMENT CLAIM (COUNT I) FAILS AS A MATTER OF LAW BECAUSE IT IS NOT SUPPORTED BY A VIABLE CAUSE OF ACTION.

Plaintiff's declaratory judgment "claim" fails as a matter of law because it is not a claim at all; instead, it is a request for a remedy that is not otherwise tied to a viable underlying cause of action. Plaintiff acknowledges that there is no TILA claim and that she is not seeking any relief from Defendants under that statute, ECF 31 at 6, but asserts no other cause of action to which she can pin her requested remedy of a declaration. That Defendants and Plaintiff disagree as to

whether the allegedly improper interest is contractually owed does not make the issuance of a declaration appropriate absent an underlying claim. This omission is fatal to Plaintiff's claim, the analysis can stop there, and the Court should dismiss Count I. *See Finamore v. Piader*, 618 F. Supp. 3d 23, 29 (D. Mass. 2022) ("The Court likewise grants summary judgment on Count VI. A request for declaratory relief is not an independent cause of action."); *Martins v. Vermont Mut. Ins. Co.*, 662 F. Supp. 3d 55, 66 (D. Mass. 2023), *aff'd*, 92 F.4th 325 (1st Cir. 2024) ("Because declaratory judgment is a form of relief, not a cause of action, the failure of the remaining claim for breach of contract requires dismissal of that claim as well."); *N. End Chamber of Com. v. City of Bos.*, 761 F. Supp. 3d 269, 297 (D. Mass. 2024) ("[The] Declaratory Judgment Act 'granted authority to employ a new remedy in enforcing a cause of action for which there was previously a remedy[;] . . . it did not increase in anywise the jurisdiction of the United States District Court over the substantive rights of litigants or create new causes of action.'") (second and third alterations in original) (quoting *Reiter v. Ill. Nat'l Cas. Co.*, 213 F.2d 946, 949 (7th Cir. 1954)).[2]

---

[2] *See also Turaani v. Sessions*, 316 F. Supp. 3d 998, 1015 (E.D. Mich. 2018) ("Perhaps realizing that injunctive and declaratory relief are remedies and not independent causes of action, Turaani retracts this count in his response to the Motion to Dismiss. He is right to do so.") (citations omitted); *McKee v. Gen. Motors Co.*, 601 F. Supp. 3d 901, 910 (W.D. Wash. 2022), *aff'd*, No. 22-35456, 2023 WL 7318690 (9th Cir. Nov. 7, 2023) ("[T]he Declaratory Judgment Act creates only a remedy, not a cause of action. Without an underlying cause of action, there is no claim for declaratory relief. . . ."); *Charleston v. Wells Fargo Bank, N.A.*, No. 3:17-CV-00595-PK, 2018 WL 648364, at *2 (D. Or. Jan. 31, 2018) ("Plaintiffs 'claims' for declaratory and injunctive relief are requests for remedies to other claims and are not 'claims for relief' in themselves. . . . Accordingly, Plaintiff's alleged 'causes of action' for declaratory and injunctive relief are dismissed with prejudice.") (citations omitted); *Ramos v. Chase Home Fin.*, 810 F. Supp. 2d 1125, 1133 (D. Haw. 2011) ("Plaintiffs' declaratory relief claim is not cognizable as an independent cause of action."); *In re Bldg. Materials Corp. of Am. Asphalt Roofing Shingle Prods. Liab. Litig.*, No. 8:11-CV-02926-JMC, 2013 WL 1282219, at *10 (D.S.C. Mar. 27, 2013) ("[C]laims for declaratory and injunctive relief are more in the nature of alternative remedies that may be awarded once a party prevails on a proper cause of action, and not causes of action to be pursued independent of an underlying claim. . . . [T]he court must conclude that the Amended Complaint fails to state an independent basis for either declaratory or injunctive relief separate and apart from the other causes of action asserted in the Amended Complaint."); *see Sieving v. Cont'l Cas. Co.*, 535 F. Supp. 3d

9

In disposing of her TILA claim in the Amended Complaint, Plaintiff has tacitly admitted that she cannot state a claim under that statute against Defendants. As explained above, she does not have viable stand-alone causes of action based on Defendants' purported failure to send monthly statements. Thus, Plaintiff's request for a declaration must be dismissed.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Defendants NewRez LLC d/b/a Shellpoint Mortgage Servicing and The Bank of New York Mellon respectfully request that the Court dismiss Plaintiff's Amended Class Action Complaint with prejudice.

Dated: July 11, 2025

Brian E. Pumphrey (Admitted *Pro Hac Vice*)
**MCGUIREWOODS LLP**
Gateway Plaza
800 East Canal Street
Richmond, VA 23219
Phone: (804) 775-7745
bpumphrey@mcguirewoods.com

Melissa O. Martinez (Admitted *Pro Hac Vice*)
**MCGUIREWOODS LLP**
500 E. Pratt Street, Suite 1000
Baltimore, Maryland 21202-3169
Phone: (410) 659-4432
mmartinez@mcguirewoods.com

Respectfully submitted,

*/s/ Emily C. Shanahan*
Emily C. Shanahan (BBO# 643456)
**HUSCH BLACKWELL**
One Congress Street, Suite 3102
Boston, MA 02114
Phone: (617) 598-6727
emily.shanahan@huschblackwell.com

***Counsel for Defendants NewRez LLC d/b/a Shellpoint Mortgage Servicing and The Bank of New York Mellon***

---

762, 774 (D. Ill. 2021) (dismissing count for declaratory and injunctive relief because "requests for declaratory judgment and injunctions are not independent causes of action") (quoting *Elward v. Electrolux Home Prods., Inc*., 214 F. Supp. 3d 701, 708 (N.D. Ill. 2016); *Rosenfeld v. JPMorgan Chase Bank, N.A.*, 732 F. Supp. 2d 952, 975 (N.D. Cal. 2010) ("However, without reaching the merits of Defendants' argument, the Court notes that declaratory and injunctive relief are not causes of action; rather, they are remedies. Accordingly, Plaintiff's twelfth cause of action is more properly considered a remedy and is therefore DISMISSED.") (citations omitted).

**CERTIFICATE OF SERVICE**

I hereby certify that on July 11, 2025, a true copy of the above document, filed through the ECF system, will be served electronically through the ECF system on the registered participants as identified on the Notice of Electronic Filing ("NEF"), and that paper copies of the above document will be sent by first class mail to those identified as non-registered participants on the NEF on July 11, 2025.

                                                  */s/ Emily C. Shanahan*
                                                  Emily C. Shanahan (BBO# 643456)